1

2

3

4

5

6                      IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9  Nicola Puma,                           )    No. CV-06-217-PHX-ROS (LOA)
                                          )
10          Petitioner,                   )    **REPORT AND RECOMMENDATION**
                                          )
11  vs.                                   )
                                          )
12  Dora B. Schriro, et al.,              )
                                          )
13          Respondents.                  )
                                          )
14  _____      )

15          This matter arises on Petitioner's Amended Petition for Writ of Habeas Corpus by

16  a Person in State Custody Pursuant to 28 U.S.C. § 2254.[1] (docket # 6)  Respondents filed an

17  Answer (docket # 16) to which Petitioner has replied.  (docket # 20)

18  **I. Factual and Procedural Background**

19          **A.  Arizona Superior Court Cases**

20          On July 27, 1995, Petitioner pleaded guilty to three counts of armed robbery in two

21  cases in the Maricopa County Superior Court, Cases No. CR 94-04858 and  No. CR 94-09415.

22  (docket # 6 at 12);(Respondents' Exh. A at 55; Exh. B at 27)  On August 29, 1995, the trial

23  court[2] sentenced Petitioner to two 18.5-year terms for two counts of armed robbery and one 14-

24  year term for the third count with all sentences to run concurrently.  (docket # 6 at 12-13)

25

26  _____

27          [1] The Amended Petition merely corrects Petitioner's failure to name the proper respondent.
    (docket # 5)   The Amended Petition correctly names Dora Schriro as the respondent.

28          [2] The Honorable Kenneth Mangum presided.

At the time of sentencing, Petitioner signed a Notice of Rights of Review which set forth the 90-day period and procedure for challenging his convictions and sentences. (Respondents' Exh. A at 64; B at 33)  The Notice explained that Petitioner had ninety days from the date on which his sentences were imposed in which to file a petition for post-conviction relief under Ariz.R.Crim.P. 32.  (Id.)  The Notice also instructed Petitioner where to obtain the necessary form, where to file it, and that a copy of the rules of procedure was available upon request.  (Id.)

**B. Post-Conviction Proceedings**

Nearly four years later, on February 1, 1999, Petitioner filed a petition for post-conviction relief.  (Respondents' Exh. A at 67; B at 35)  On April 2, 1999, the trial court dismissed the petition as untimely.  (Respondents' Exh. A at 70; Exh. B at 37)  On March 22, 2000, the Arizona Court of Appeals summarily denied review. (Respondents' Exh. C)

On February 7, 2001, Petitioner filed another notice for post-conviction relief seeking relief under Apprendi v. New Jersey, 530 U.S. 466 (2000).  (docket # 7 at 2, n. 2) The court dismissed the notice finding that Apprendi did not impact Petitioner's sentences because he admitted the fact of his prior felony conviction and agreed to the sentences as part of the plea agreements entered on July 27, 1995.  (Id.)  Petitioner did not seek review of the state court's decision.

On September 8, 2005, Petitioner filed a third notice of conviction relief in state court.  (Respondents' Exh. J)  On October 14, 2005, the trial court dismissed the notice as untimely.  (Respondents' Exh. J)

Thereafter, Petitioner filed a special action in the Arizona Court of Appeals. (Respondents' Exh. K)  On November 30, 2005, the appellate court declined to accept jurisdiction.  (Id.)

**C.  Federal Petitions for Writ of Habeas Corpus**

In the meantime, on May 8, 2000, Petitioner filed his first Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court, Puma v. Stewart, et al., CV-00-850-PHX-RCB (LOA).  (Respondents' Exh. D)  On July 26, 2000, the undersigned recommended

1  that the petition be dismissed as time-barred under the AEDPA.  (Respondents' Exh. E) On

2  November 15, 2000, the Honorable Robert C. Broomfield adopted the report and

3  recommendation and ordered that the Petition be dismissed as untimely. (Respondents' Exh. F)

4  Judgment was entered accordingly.  (Respondents' Exh. G) The district court and the Ninth

5  Circuit Court of Appeals subsequently denied Petitioner's requests for certificates of

6  appealability.  (Respondents' Exhs. H, I)

7       Thereafter, on March 22, 2006, Petitioner filed the pending Amended Petition for

8  Writ of Habeas Corpus contending that his sentences were unlawfully enhanced, his plea was

9  not knowing and voluntary due to the ineffective assistance of counsel, and ineffective

10  assistance of appellate counsel.  (docket # 6)  Respondents assert that the Petition should be

11  dismissed because it is successive and Petitioner failed to obtain authorization from the Ninth

12  Circuit Court of Appeals to file a successive Petition.

13  **II.  Analysis**

14       Respondents argue that the pending § 2254 petition is successive and should be

15  dismissed because Petitioner did not obtain the proper authorization from the Ninth Circuit

16  before filing this Petition.  See, 28 U.S.C. § 2244(b).

17       If the pending petition is second or successive, pursuant to 28 U.S.C. § 2244(b),

18  Petitioner must obtain authorization from the Ninth Circuit Court of Appeals before he can

19  proceed with this petition.   28 U.S.C. § 2244(b)(3)(A)("Before a second or successive

20  application permitted by this section is filed in the district court, the applicant shall move in the

21  appropriate court of appeals for an order authorizing the district court to consider the

22  application.")

23       The AEDPA does not define the terms "second or successive," so the court must

24  determine whether the dismissal of Petitioner's first petition on statute of limitations grounds

25  makes this current petition his second, thus requiring Petitioner to obtain permission from the

26  Ninth Circuit.

27       It is established that when the first petition was decided and dismissed on the merits,

28  any later petition is "successive."  Green v. White, 223 F.3d 1001, 1002 n. 1 (9th Cir.2000)

1    (citing <u>Slack v. McDaniel</u>, 529 U.S. 473, 485- 486 (2000)).  It is also clear that when the court

2    dismisses a petition for failure to exhaust state remedies or as premature, the second petition is

3    not deemed successive.   <u>Slack v. McDaniel</u>, 529 U.S. 473, 485- 486 (2000)(holding that a

4    habeas petition which is filed after a prior habeas petition was dismissed without adjudication

5    on the merits for failure to exhaust state remedies is not a "second" or successive petition);

6    <u>Stewart v. Marinez-Villareal</u>, 523 U.S. 637, 645(1998)(holding that petitioner's claim that he

7    was incompetent to be executed, raised after the district court dismissed his first claims as

8    premature, was not second or successive); <u>In re Turner</u>, 101 F.3d 1323 (9th Cir. 1997)(holding

9    that AEDPA's the requirements for filing a second or successive petitioner do not apply to

10   subsequent petitions where the first one was dismissed for failure to exhaust state remedies).

11   It does not appear, however, that the Ninth Circuit has directly addressed whether

12   dismissal based upon the statute of limitations, as in this case, constitutes an adjudication on the

13   merits for purposes of determining whether a petition is successive under the AEDPA.

14   However, Supreme Court case law supports a finding that the dismissal of a habeas petition as

15   untimely should be treated as an adjudication on the merits for purposes 28 U.S.C. §

16   2244(b)(3)(A).  The Supreme Court has found that "[t]he rules of finality, both statutory and

17   judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a

18   dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to

19   prosecute: as a judgment on the merits." <u>Plaut v. Spendthrift Farm, Inc.</u>, 514 U.S. 211, 228

20   (1995)(citing Fed.R.Civ.P. 41(b) and <u>United States v. Oppenheimer</u>, 242 U.S. 85, 87-88

21   (1916)).

22   Similarly, the Ninth Circuit has held that "for *res judicata* purposes a dismissal on

23   statute of limitations grounds can be treated as a dismissal on the merits."  <u>In re Marino</u>, 181

24   F.3d 1142, 1144 (9th Cir. 1999); <u>Ellingson v. Burlington Northern Inc</u>., 653 F.2d 1327, 1330 n.

25   3 (9th Cir. 1981)(stating that "[a] judgment based on the statute of limitations is 'on the

26   merits.'")(citing <u>Mathis v. Laird</u>, 457 F.2d 926, 927 (5th Cir.), *cert. denied*, 409 U.S. 871 (1972)).

27   In addition, district courts within the Ninth Circuit and other circuit courts have held

28   that while a dismissal based upon the limitations period does not include an examination of the

merits of the substantive claims, such a dismissal is considered an adjudication on the merits for purposes of determining whether a subsequent petition is successive under the AEDPA. Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003); Villanueva v. United States, 346 F.3d 55, 61 (2nd Cir. 2003)(finding that "the dismissal of a § 2255 petition as untimely under AEDPA presents a "permanent and incurable" bar to federal review of the merits of the claim. The bar is permanent because, unlike cases where a habeas or § 2255 petition is dismissed without prejudice for failure to exhaust or as premature, a time-bar cannot be corrected. Accordingly, we hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes."); Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029 (C.D.Cal. 2003)(holding that dismissal of petitioner's prior petition for writ of habeas corpus on statute of limitations grounds operated as an adjudication on the merits, and therefore, petitioner's subsequent petition was successive requiring petitioner to first obtain leave to file from the court of appeals); Cate v. Ayers, No. CIV S010384WBSJFMP, 2001 WL 1729214, at * 4 (E.D.Cal., Dec. 28, 2001)(stating that "a dismissal on statute of limitations grounds . . . operates as a final judgment on the merits," and holding that a federal petition was successive within the meaning of § 2244(b)(3)(A) because petitioner's previous federal petition was dismissed as untimely.); United States v. Casas, No. 01 C 1848, 2001 WL 1002511, at * 2 (N.D.Ill., August 30, 2001)(holding that dismissal of a prior federal petition under the statute of limitations is "akin to a dismissal on the merits, and thus bars a subsequent petition" unless authorized by the court of appeals.).

The Court finds the reasoning of the foregoing circuit and district court cases persuasive.  Because Petitioner's previously filed federal petition for writ of habeas corpus challenging the convictions and sentences at issue which was adjudicated "on the merits," the pending petition is "successive or second."   Accordingly, Petitioner must seek from the Ninth

Circuit Court of Appeals an order authorizing this Court to consider the petition. 28 U.S.C. §
2244(b)(3)(A).  Petitioner's failure to do so deprives this Court of jurisdiction over the Petition.[3]

Accordingly,

IT IS HEREBY RECOMMENDED that the Petitioner's Amended Petition for Writ
of Habeas Corpus (docket # 6) be **DISMISSED** without prejudice to Petitioner filing a proper
application for consideration of a second or successive petition in the Ninth Circuit pursuant to
28 U.S.C. § 2244(b)(3).

This recommendation is not an order that is immediately appealable to the Ninth
Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
Appellate Procedure, should not be filed until entry of the District Court's judgment.  The
parties shall have ten days from the date of service of a copy of this recommendation within
which to file specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1); Rules 72,
6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within which
to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's
Report and Recommendation may result in the acceptance of the Report and Recommendation
by the District Court without further review. *See United States v. Reyna- Tapia*, 328 F.3d 1114,
1121 (9th Cir. 2003).  Failure timely to file objections to any factual determinations of the
Magistrate Judge will be considered a waiver of a party's right to appellate review of the
findings of fact in an order or judgment entered pursuant to the Magistrate Judge's
recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 9th day of February, 2007.

Lawrence O. Anderson
United States Magistrate Judge

---

[3]  Having concluded that it lacks jurisdiction over the Petition, the Court need not address
Respondents' alternative arguments.  The Court notes, however, that the Petition is time-barred under
the ADEPA because it was filed more than one year after Petitioner's conviction became final and
neither statutory nor equitable tolling apply.  (Respondents' Exh. F)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28